UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEE SPOONEMORE,<br><br>                    Petitioner,<br><br>         v.<br><br>UNKNOWN,<br><br>                    Respondent. | No. 2:13-cv-01706 DAD P<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

   Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Petitioner has submitted a declaration that makes the showing required by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

   Although petitioner's application for federal habeas relief is difficult to decipher, based on that application and petitioner's other filings with this court, it appears that petitioner is attempting to challenge a plea he entered on July 9, 2013 in the Yolo County Superior Court pursuant to a plea agreement and his resulting six-year prison sentence.  (ECF No. 1 at 1 and ECF No. 5 at 37 & 40.)  It also appears that on August 8, 2013, petitioner filed a notice of appeal in the Yolo County Superior Court.  (ECF No. 5 at 37.)   However, there is no indication that petitioner's appellate proceedings in state court have concluded through to the denial of a petition

1

1  for review by the California Supreme Court nor is there any indication that petitioner has sought
2  and been denied habeas relief by the California Supreme Court.  Finally, the allegations of his
3  federal petition implicitly concede that he has not exhausted claims by first presenting them to the
4  state high court.

5       The exhaustion of state court remedies is a prerequisite to the granting of a federal petition
6  for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be
7  waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b) (3).[1]  A waiver of exhaustion
8  may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the
9  highest state court with a full and fair opportunity to consider all claims before presenting them to
10 the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d
11 1083, 1086 (9th Cir. 1985).

12      After reviewing the application for federal habeas relief and petitioner's other filings in
13 this action, the court must conclude that petitioner has failed to exhaust his claims for relief by
14 first presenting them to the California Supreme Court.  Further, petitioner has not alleged that
15 state court remedies are no longer available to him.  Accordingly, the undersigned will
16 recommend that the pending federal habeas petition be dismissed without prejudice.[2]

17      The court would note that to the extent petitioner wishes to challenge the conditions of his
18 confinement, such as the adequacy of the medical care he is receiving in state prison, he must
19 present such claims by filing a civil rights complaint rather than a habeas petition.  This is
20 because the proper mechanism for raising a federal challenge to conditions of confinement is
21 through a civil rights action pursuant to 42 U.S.C. § 1983.  Badea v. Cox, 931 F.2d 573, 574 (9th
22 Cir. 1991).

---

[1]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b) (2).

[2]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

1  On August 27, 2013, petitioner filed a document with this court styled as a "Notice of Motion and Motion for Substitution of Counsel (Marsden Motion)." (ECF No. 5.) It is unclear from that filing whether petitioner submitted this document as an exhibit to his habeas petition or whether petitioner is seeking the appointment of counsel on his behalf in this federal habeas action. To the extent that petitioner seeks the appointment of counsel in this action, his motion will be denied. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel in light of the recommendation that this action be dismissed for failure to exhaust his claims before the state high court.

On October 9, 2013, petitioner filed statements with this court that were docketed as a "Motion for Court Hearing dates information and to be present at all Court Hearings." (ECF No. 7.) It is unclear from these submissions what order petitioner is requesting from this court. It appears that the filings may be intended by petitioner to in some way serve as exhibits in support of his habeas petition since one such statement is stamped at the bottom of the page "Received" by the Clerk of the California Court of Appeal for the Third Appellate District. (Id. at 3.) In any event, this motion filed by plaintiff will also be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's August 19, 2013 application for leave to proceed in forma pauperis (ECF No. 2) is granted;

2. Petitioner's August 27, 2013 motion for substitution of counsel (ECF No. 5) is denied;

3. Petitioner's October 9, 2013 motion for court hearing dates information (ECF No. 7) is denied;

4. The Clerk of the Court is directed to randomly assign this case to a District Judge; and

/////

/////

1        5. The Clerk of the Court is directed to serve a copy of these findings and
2  recommendations together with a copy of the petition filed in the instant case on the Attorney
3  General of the State of California.
4        Also, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas
5  corpus be dismissed for failure to exhaust his claims for relief by first presenting them to the
6  California Supreme Court.
7        These findings and recommendations will be submitted to the United States District Judge
8  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
9  after being served with these findings and recommendations, petitioner may file written
10 objections with the court.  The document should be captioned "Objections to Findings and
11 Recommendations."  Petitioner is advised that failure to file objections within the specified
12 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
13 (9th Cir. 1991).
14 Dated:  February 19, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
spoon1706.103

4